IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOANNE DEPALO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUFFALO WILD WINGS, INC. and BUFFALO WILD WINGS INTERNATIONAL, INC.,<br><br>Defendants. | CAUSE NO. 1:21-CV-04779-LMM |

**JOINT STATUS REPORT AND MOTION TO EXTEND STAY**

Plaintiff JoAnne DePalo ("Plaintiff") and Defendants Buffalo Wild Wings, Inc. and Buffalo Wild Wings International, Inc. ("Defendants") (collectively "the Parties"), through their undersigned counsel, move this Court to stay all proceedings in this matter for an additional 120 days, through January 16, 2023. The reasons for this Motion are as follows.

I.

This case is a putative collective action on behalf of tipped employees at Defendants' restaurants, asserting claims under the Fair Labor Standards Act's ("FLSA") "tip credit" provisions. *See* 29 U.S.C. § 203(m). Under the FLSA's tip-credit provisions, an employer may pay tipped employees less than the federal

1

minimum wage of $7.25 by taking a tip credit based on the tips that the employees receive from customers.  *See* Plaintiff's Original Complaint, Dkt. No. 1 at ¶¶ 2-9.  In particular, Plaintiff alleges that Defendants required her and the proposed Collective Action Members to perform activities unrelated to their work as tipped employees and failed to pay them the full minimum wage for that time. *Id.* at ¶ 6.  Additionally, Plaintiff claims that Defendants may not take advantage of the tip credit when an employee performs non-tipped work that is related to the employee's tipped duties, if such work exceeds 20 percent of the employee's time during a workweek or for extended periods of time during the week when no tip generating activity is performed.  *Id.* at ¶¶ 7-8.  Plaintiff alleges that she and other employees performed non-tipped work in excess of 20 percent of their work time during some workweeks and spent continuous periods of time in excess of 30 minutes on some days when they did not perform any tip generating work.  *See id.* at ¶ 8.d.  Defendants deny Plaintiff's allegations.

   After Plaintiff filed this lawsuit, Plaintiff's Counsel and Defendants' Counsel engaged in informal discovery into the merits of the Plaintiff's claims and the potential damages that could be owed.  Defendants provided sample pay, time, and point of sale data from the existing pool of Opt-In Plaintiffs to Plaintiff's Counsel.  Plaintiff's Counsel then reviewed that data and submitted an expert report (along

with a settlement proposal) to Defendants. Afterwards, the Parties scheduled an in-person settlement conference. In particular, on September 8, 2022, the Parties met in person for more than two hours and discussed a framework for settlement. As a result of their meeting, the Parties reached an agreement as follows:

- Defendants will provide additional representative samples of the point of sale data, pay data, and time data for the potential Collective Action Members that will be used by both sides to calculate the potential damages that could be owed;
- Plaintiff will provide a damage model and settlement offer to Defendants within four weeks of mediation;
- The parties will mediate with Mediator Hunter Hughes in Atlanta on January 12 and 13 to discuss a potential settlement.

In light of the efforts they have made to date, the Parties believe that they are working together in good faith towards a resolution and would like to continue their efforts to potentially explore a resolution to this case. The Parties have made significant progress since they last sought a stay, including exchanging expert analyses and conducting an in-person settlement conference. However, the Parties require additional time to determine if a settlement can be reached.

II.

Accordingly, the Parties agree to request an extension of the stay of all discovery and litigation proceedings to January 16, 2023 in order to complete their informal discovery and participate in mediation. Within ten days thereafter, by January 26, 2023, the Parties will file a status report with the Court updating the Court on the status of the case including the results of mediation. The Parties will also propose a new date for Defendants to file a responsive pleading.

This Motion for Extension of Time is without prejudice to any party's claims or defenses in this case. The stay is to simplify the issues in the case and achieve efficient use of resources – either the case will be resolved following the stay, or, at a minimum, the issues will be narrowed for litigation. Finally, there is no pending trial date and no formal discovery has begun. As such, the Court may properly exercise its discretion here to grant the Parties' requested stay.

A proposed Order is filed herewith.

Dated: September 16, 2022

Respectfully submitted by,

| | |
|---|---|
| */s/ Don J. Foty* | *s/ Brett E. Coburn* |
| Don J. Foty | Brett E. Coburn |
| (admitted *pro hac vice*) | Georgia Bar No. 171094 |
| Hodges & Foty, LLP | brett.coburn@alston.com |
| dfoty@hftrialfirm.com | ALSTON and BIRD LLP |
| Hodges & Foty, LLP | 1201 West Peachtree Street |
| 4409 Montrose Blvd, Ste. 200 | Atlanta, Georgia 30309-3424 |
| Houston, TX 77006 | Tel. No. (404) 881-7000 |

4

| | |
|---|---|
| Telephone: (713) 523-0001<br>Facsimile: (713) 523-1116 | Fax. No. (404) 881-7777 |

And

| | |
|---|---|
| _/s/ John Mays_<br>A. Lee Parks, Jr.<br>Georgia Bar No. 563750<br>lparks@pcwlawfirm.com<br>John L. Mays<br>Georgia Bar No. 986574<br>jmays@pcwlawfirm.com<br>Parks, Chesin & Walbert, P.C.<br>75 Fourteenth Street, 26th Floor<br>Atlanta, GA 30309<br>Telephone: (404) 873-8000<br>Facsimile: (404) 873-8050<br><br>ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS | _s/ Eric Su_<br>Eric Su<br>esu@crowell.com<br>s/ Ira M. Saxe<br>Ira M. Saxe<br>isaxe@crowell.com<br>Crowell & Moring, LLP<br>590 Madison Avenue<br>New York, NY 10022<br>Tel. No. 212-223-4000<br>Fax. No. 212-223-4134<br>_PRO HAC VICE_<br><br>ATTORNEY FOR DEFENDANTS BUFFALO WILD WINGS, INC. and BUFFALO WILD WINGS INTERNATIONAL, INC. |

## **CERTIFICATE OF SERVICE**

This is to certify that on September 16, 2022, a copy of the foregoing was served upon all parties via the Court's ECF.

                                                                                 /s/ _Don J. Foty_
                                                                                    Don J. Foty